```
                    UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF INDIANA
                         HAMMOND DIVISION


TANISHA A. SIMMONS, MARK        )
SIMMONS, SR., TMS and ED, minors)
by (mother) next friend Tanisha )
A. Simmond,                     )
                                )
          Plaintiffs            )
                                )
          v.                    )    CIVIL NO. 2:12 cv 39
                                )
COA, INC. aka Coaster Co. of    )
America, Inc.; PHILIPS          )
ELECTRONICS NORTH AMERICA       )
CORPORATION,                    )
                                )
          Defendants            )
```

## OPINION AND ORDER

This matter is before the court on the Motion for Leave to File Amended Petition for Removal [DE 8], filed by the defendant, Philips Electronics North America Corporation, on February 17, 2012.  For the following reasons, the motion is **GRANTED.**

## Background

On December 29, 2011, the plaintiffs filed a complaint in the Lake County Superior Court.  The plaintiffs allege that Mark Simmons Jr. died because he fell from a defective bunk bed and ladder system manufactured by the defendant COA, Inc.  The plaintiffs further allege that a portable television sold by the defendant, Philips North America Corporation, fell on Simmons because it was defectively designed.

Philips was served with a summons and complaint on January 9, 2012. On January 25, 2012, Philips filed a timely Notice of Removal with the Clerk of this court, citing diversity jurisdiction. The notice did not mention or indicate the position of COA.

COA was served by certified mail on January 10, 2012, and did not enter an appearance in state court until January 27, 2012, the same day it filed its answer. Philips explains that it did not believe COA's consent to removal was necessary because it was not yet a party to the proceedings in state court. Philips moved to amend its petition for removal to add COA's consent ten days after the deadline to remove had expired. The plaintiffs oppose Philips' motion, arguing that the petition for removal was defective.

## Discussion

A defendant may remove a case filed in state court to a federal court with jurisdiction by filing a notice of removal containing a statement of the grounds for removal. 28 U.S.C. §1446. The notice must be filed within 30 days after the defendant receives the initial pleading. 28 U.S.C. §1446. "[A]ll defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. §1446(b)(2)(A). If all defendants have not consented to removal,

2

the petition must explain why they have not given consent. ***Shaw v. Dow Brands, Inc.***, 994 F.2d 364, 368 (7th Cir. 1993)(overturned on other grounds). A petition that omits the consent of all parties and does not provide an explanation is defective on its face. ***Shaw***, 994 F.2d at 368. However, a defendant's consent may be omitted if the defendant has not been served or is a nominal party. ***Shaw***, 994 F.2d at 369.

The removing party may freely amend its petition for removal for 30 days after the petition has been served. 28 U.S.C. §1446(b). After the 30 days has expired, substantive amendments to the petition are prohibited. ***Stein v. Sprint Communications***, 968 F.Supp. 371, 375 (N.D. Ill. 1997). Substantive amendments are those that state a new basis for exercising jurisdiction. However, the court will allow the removing party to amend its petition for removal to cure technical defects. "To determine whether an amendment is 'technical' or 'substantive,' courts have looked to the face of the removal petition." ***Stein***, 968 F.Supp. at 375 (*comparing* ***Borne v. New Orleans Health Care***, 116 B.R. 487, 491 (E.D. La. 1990) (declining to permit the defendant to assert a wholly new ground for removal where that ground did not appear on the face of the removal petition), *with* ***Industrial Nat'l Bank of East Chicago v. Employers Casualty Co.***, 1986 WL 1008 (N.D. Ill. Jan. 3, 1986) (permitting amendment to removal petition

under §1653 where jurisdiction was imperfectly pled in petition, but not missing completely)). "[W]here jurisdiction is apparent from the face of the notice of removal, although imperfectly pleaded, a party may amend its notice of removal to state the basis for the district court's jurisdiction . . . . On the other hand, where the jurisdictional base is not apparent from the face of the notice of removal, an amendment to add new jurisdictional allegations concerning that jurisdictional base will be denied as untimely." *Stein,* 968 F.Supp. at 376 (*citing Borne*, 116 B.R. at 491).

The parties dispute whether adding the consent of the other defendant after the 30 days have expired is a technical or substantive amendment. In *Shaw*, the defendant did not state in his petition for removal that the other defendants consented. The court determined that the consent of two of the other defendants was not necessary because one had been dismissed from the suit before removal and the other was not served before the petition was filed. *Shaw*, 994 F.2d at 369. The controversy surrounded the consent of a third defendant, Dow Chemical. The removing defendant argued that the plaintiff had consented to dismiss Dow Chemical voluntarily before the petition for removal was filed, and in any event, Dow Chemical consented to the removal. The court concluded that the additional defendant must

4

have been a nominal party because the plaintiff voluntarily consented to dismiss it and determined that Dow Chemical's missing signature on the removal petition did not defeat jurisdiction. *Shaw*, 994 F.2d at 369.

The plaintiffs complain that COA is not a nominal defendant and had been served at the time the petition was filed, rendering its consent necessary. The plaintiffs argue that because COA's consent was necessary and not indicated on the removal petition the error was substantive, depriving the court of jurisdiction and requiring a remand. Philips concedes that the petition was defective because it did not state the reason COA's consent was excluded from the petition for removal, but it maintains that the error was technical and may be cured.

To determine whether the error was technical or substantive, the court first must examine whether jurisdiction was apparent from the face of the petition. *See Stein,* 968 F.Supp. at 376 (explaining that the proposed amendment is substantive if jurisdiction was not apparent from the face of the notice removal and the amendment seeks to add a new basis for jurisdiction). Article III, Section 2 of the Constitution limits the federal courts' jurisdiction to cases arising under the laws of the United States and between citizens of different states. Federal courts have subject matter jurisdiction in all civil actions

arising under the Constitution, laws, or treaties of the United States, in addition to cases between citizens of different states where the amount in controversy exceeds $75,000.  28 U.S.C. §§1331, 1332.

In its petition, Philips states that it is a citizen of Massachusetts, COA is a citizen of California, and the plaintiffs are citizens of Indiana.  The plaintiffs seek damages in excess of $5,000,000.  Philips pled facts showing that the requirements of diversity jurisdiction were satisfied, and it is clear from the face of the petition that the court may exercise diversity jurisdiction.  Philips is not seeking to amend the petition to state a new substantive basis for jurisdiction.  Rather, Philips is seeking to amend the petition to add the consent of COA. Because the amendment does not alter the substantive basis for jurisdiction, the court finds that the proposed amendment is technical.

Furthermore, the record does not reflect that the plaintiffs will be prejudiced if the court allows Philips to amend its petition.  COA did not enter an appearance and file its answer in the state court proceeding until the day Philips filed the petition for removal. Because of COA's late appearance and because Philips was informed that COA had not been served upon inquiry with the Lake County Court, Philips did not believe it needed

COA's consent to remove.  See *Shaw,* 994 F.2d at 369 (explaining that the removing defendant did not need to seek the consent of defendants who had not been served).  The record reflects that the plaintiffs were aware of Philips' position because Philips sent the plaintiffs an extra copy of the removal petition to forward to COA because it did not have COA's contact information.  Philips promptly corrected its error once it learned that COA filed an appearance in the state court action and moved to amend its petition ten days after the 30 day time limit expired.  This short delay did not harm the plaintiffs and was not done in bad faith.

_____

Based on the foregoing, the Motion for Leave to File Amended Petition for Removal [DE 8] filed by the defendant, Philips Electronics North America Corporation, on February 17, 2012, is **GRANTED.**

ENTERED this 30th day of May, 2012

s/ ANDREW P. RODOVICH
United States Magistrate Judge