UNITED STATES DISTRICT COURT
NORTHERN DISTRICT INDIANA

| | | |
|---|---|---|
| TANISHA A. SIMMONS, | ) | |
| MARK SIMMONS, SR., *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 2:12-CV-39-TLS |
| | ) | |
| COA, INC. a/k/a COASTER CO. OF | ) | |
| AMERICA, INC., and PHILIPS | ) | |
| ELECTRONICS NORTH AMERICA | ) | |
| CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

This matter is before the Court on a Motion for Remand [ECF No. 6] filed by the Plaintiffs, Tanisha A. Simmons, Mark Simmons, Sr., and their children Tanisha M. Simmons and Edward Daniels by Tanisha A. Simmons as next friend. The Plaintiffs argue in their Motion that this case should be remanded to the Lake Superior Court because the Petition for Removal [ECF No. 2] entered on January 25, 2012, by Defendant Philips Electronics North America Corporation failed to state that Defendant COA, Inc. consented to the removal.

The Plaintiffs filed their Complaint in the Lake Superior Court on December 29, 2011, and Defendant COA, Inc. was served with process in this matter on January 10, 2012. (Mem. of Law in Supp. of Pls.' Mot. to Remand Ex. B, ECF No. 7.) Defendant COA had thirty days from the date of service to file a notice of removal. 28 U.S.C. § 1446(b)(2)(B).

Defendant Philips filed its timely Petition for Removal on January 25, 2012, arguing for removal under 28 U.S.C. § 1441(a). The Petition for Removal did not indicate whether Defendant COA consented to the removal. However, removal under § 1441 "requires the consent of *all* defendants." *Doe v. GTE Corp.*, 347 F.3d 655, 657 (7th Cir. 2003). Therefore, on February

14, the Plaintiffs filed their Motion to Remand [ECF No. 6] along with a Memorandum in Support [ECF No. 7]. Defendant Philips responded on February 17 with a Motion for Leave to File Amended Petition for Removal [ECF No. 8] along with a Memorandum in Support [ECF No. 9]. Defendant Philips argued that at the time it filed its Petition for Removal it was under the good faith belief that Defendant COA had not been served in this matter, and accordingly, Defendant Philips did not need to indicate Defendant COA's consent to the removal under Seventh Circuit precedent. *See Shaw v. Dow Brands, Inc.*, 994 F.2d 364, 369 (7th Cir. 1993) (overruled on other grounds) (holding that a party's consent "was not needed" where it was not served until after the filing of the removal petition); *P.P. Farmers' Elevator Co. v. Farmers Elevator Mut. Ins. Co.*, 395 F.2d 546, 547–48 (7th Cir. 1968) (holding that a defendant "need not have joined in petitioning for removal if it had not been served with the state court summons"). Furthermore, Defendant Philips noted that Defendant COA does in fact consent to the removal. (*See* Brown Aff. ¶ 7, ECF No. 9-4.) The Plaintiffs filed a Reply and Response [ECF No. 10] on February 22.

Magistrate Judge Andrew P. Rodovich entered an Opinion and Order on May 30 granting Defendant Philips's Motion for Leave to File Amended Petition for Removal. (Opinion & Order, ECF No. 12.) Magistrate Judge Rodovich noted that substantive amendments to removal petitions—those that "state a new basis for exercising jurisdiction"—are prohibited after more than thirty days from service. (Opinion & Order 3; 28 U.S.C. § 1446(b).) However, a court may allow an amendment after thirty days "to cure technical defects." (Opinion & Order 3.) Because allowing Defendant Philips's amendment would not "alter the substantive basis for jurisdiction" (*id.* 6), because allowing the amendment would not prejudice the Plaintiffs, and because nothing

indicated that Defendant Philips acted in bad faith, Magistrate Judge Rodovich granted the Motion for Leave to File Amended Petition for Removal. *See Shaw*, 994 F.2d at 369 (remand is not required if the procedural defect is a curable technicality that does not "go to the heart of jurisdiction"); *Issa v. Priority Transp., LLC*, No. 1:05-CV-394-TS, 2006 WL 304028, at *1–2 (N.D. Ind. Feb. 7, 2006) (denying remand where the plaintiff "suffered no harm," and the procedural defects were "insubstantial and not due to bad faith," and "were cured and [did not have] anything to do with jurisdiction"). Defendant Philips filed an Amended Petition for Removal [ECF No. 13] on June 1, 2012.

The Amended Petition for Removal states that "[c]o-defendant, COA, Inc. [c]onsents to removal to the United States District Court for the Northern District of Indiana." (Am. Pet. for Removal ¶ 9, ECF No. 13.) Because the basis for the Plaintiff's Motion for Remand was Defendant Philips's failure to provide notice that Defendant COA consented to the removal, and because notice of Defendant COA's consent is now properly before the Court, the Motion for Remand will be denied.

For the foregoing reasons, the Court DENIES the Plaintiff's Motion for Remand [ECF No. 6].

SO ORDERED on September 6, 2012.

    s/ Theresa L. Springmann  
THERESA L. SPRINGMANN  
UNITED STATES DISTRICT COURT  
FORT WAYNE DIVISION