# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| TANISHA A. SIMMONS, <br> MARK SIMMONS, SR., *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> COA, INC. a/k/a COASTER CO. OF <br> AMERICA, INC., and PHILIPS <br> ELECTRONICS NORTH AMERICA <br> CORPORATION, <br><br> Defendants. | CAUSE NO.: 2:12-CV-39-TLS |

## OPINION AND ORDER

The Plaintiffs, Tanisha A. Simmons, Mark Simmons, Sr., and their children Tanisha M. Simmons and Edward Daniels by Tanisha A. Simmons as next friend, filed this lawsuit against the Defendants, COA, Inc., and Philips Electronics North America Corporation. On May 9, 2013, the Plaintiffs and Defendant COA filed a Stipulation of Dismissal [ECF No. 25] requesting that the Court dismiss this cause of action with prejudice as to Defendant COA only. The proposed order submitted with the Stipulation states that this cause is "to remain pending against Philips Electronics North America Corporation." The Stipulation of Dismissal is signed by counsel for the Plaintiff and counsel for Defendant COA, but not by counsel for Defendant Philips Electronics. Defendant Philips Electronics filed an Answer and Affirmative Defenses [ECF No. 4] on February 2, 2012, but did not assert counterclaims or crossclaims. No party has filed a motion for summary judgment in this matter.

On May 16, Defendant Philips Electronics filed an Objection to Dismissal of COA, Inc. [ECF No. 26], requesting that it be permitted to name COA, Inc., as a non-party defendant within thirty days of dismissal. On May 24, the Plaintiffs filed a Response [ECF No. 28], arguing that

the Court should deny Defendant Philips Electronics's request because Defendant Philips Electronics did not name Defendant COA in a crossclaim.

## ANALYSIS

**A.     Stipulation of Dismissal**

Despite the caption, the "Stipulation" of Dismissal filed by the Plaintiffs was in substance a motion for voluntary dismissal under Rule 41(a)(2) of the Federal Rules of Civil Procedure. It was not a stipulation of dismissal under Rule 41(a)(1)(A)(ii) because Defendant Philips Electronics did not request the dismissal, and the submission was therefore not "signed by all parties who have appeared." Rule 41(a)(1)(A)(ii). Thus, the Court will construe the filing as a Motion for Voluntary Dismissal, with prejudice, made pursuant to Rule 41(a)(2), which allows a court to consider whether it is proper to order a party dismissed upon the plaintiff's motion. It is within the court's sound discretion in deciding whether to permit a plaintiff to voluntarily dismiss an action pursuant to Rule 41(a)(2). *Tolle v. Carroll Touch, Inc.*, 23 F.3d 174, 177 (7th Cir. 1994); *Tyco Labs., Inc. v. Koppers Co.*, 627 F.2d 54, 56 (7th Cir. 1980). In deciding whether to grant a Rule 41(a)(2) motion to dismiss, a court may look at a variety of factors, including: (1) a defendant's effort and resources already expended in preparing for trial; (2) excessive delay and lack of diligence on the part of a plaintiff in prosecuting the action; (3) insufficient explanation for the need of a dismissal; and (4) whether a summary judgment motion has been filed by a defendant. *Tyco Labs.*, 627 F.2d at 56.

There is some question whether Rule 41(a) allows the dismissal of entire actions, as opposed to one of several claims against a defendant. *See Berthold Types Ltd. v. Adobe Sys. Inc.*,

2

242 F.3d 772, 776 (7th Cir. 2001) (noting that Rule 41(a)(1)(i) speaks in terms of dismissing an action, not a claim). In *Berthold*, the plaintiff could not voluntarily dismiss a claim contained in an amended complaint because the defendant had previously filed a motion for summary judgment as to the entire action. 242 F.3d at 776–77. Subsection (a)(2) also speaks in terms of dismissing an action. Recently, in *Gatling v. Nickel*, 275 F.R.D. 495 (E.D. Wis. 2011), the district court dismissed individual claims—but not the entire action—pursuant to a stipulation of the parties under Rule 41(a)(2). The *Gatling* court noted the general consensus that Rule 41(a) provides for the voluntary dismissal of an action as opposed to individual claims. *Gatling*, 275 F.R.D. at 496. However, the court further stated:

> On the other hand, it should be noted that Rule 41(b), which allows a defendant to move for involuntary dismissal, permits the movant to request and the court to grant dismissal of the entire action, or particular claims. Fed. R. Civ. P. 41(b). While certain cases have read this dichotomy to indicate that Rule 41(a) thus does not permit dismissal of individual claims, else it would so state, *see Hells Canyon Preservation Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 n. 7 (9th Cir. 2005), it does show that Rule 41 contemplates, more generally, a court's power to dismiss individual claims. Further, the cases which prohibit dismissal of individual claims under Rule 41(a) have tended to do so in an adversarial context, that is for example, the defendant opposed dismissal or the plaintiff attempted to characterize a dismissal as voluntary on appeal. It would seem needlessly constraining, where Rule 41 otherwise contemplates dismissal of individual claims, to prohibit the dismissal of individual claims under Rule 41(a) where both parties have stipulated to such. Thus, the court is satisfied that it has the power to enter an order in this situation.

*Gatling*, 275 F.R.D. at 496.

In consideration of the procedural context of this case and the parties' submissions, the Court finds that it has the power to enter an order with respect to the Plaintiffs, and further finds that dismissal of their claims against Defendant COA is appropriate because Defendant COA has not filed a summary judgment motion or counterclaims against them, Defendant COA agrees to the dismissal, and the dismissal will be with prejudice. The context in which dismissal is sought

3

is not adversarial and there is no prejudice to Defendant COA in allowing the dismissal. Further, as outlined in its Objection, Defendant Philips Electronics does not object to the dismissal. Therefore, the Court will construe the Stipulation of Dismissal as a Motion for Voluntary Dismissal, and dismiss the Plaintiffs' action against Defendant COA with prejudice.

B.      **Defendant Philips Electronics's Request**

In its Objection, Defendant Philips Electronics states that it does not object to dismissal with prejudice of the Plaintiffs' action against Defendant COA as long as Defendant Philips Electronics is permitted to amend its pleadings to name Defendant COA as a responsible nonparty defendant within thirty days of dismissal. The Plaintiffs respond that the Indiana Comparative Fault Act compels an opposite result, but the authorities cited by the Plaintiffs are unpersuasive.

The Plaintiffs state that under Indiana's Comparative Fault Act, I.C. § 34-52-2-1 *et seq.*, a defendant must name a nonparty defendant in its first answer if the defendant knows of the nonparty defendant at the time it files its first answer, *id.* § 34-51-2-16. This is unhelpful to the Plaintiffs, however, because Defendant COA was a co-defendant and not a potential nonparty defendant to Defendant Philips Electronics at the time Defendant Philips Electronics filed its Answer in this matter.

The Plaintiffs also state that "a defendant may not sit idly as its interests are subjected to possible prejudice when other co-defendants seek dismissal from the case, and then, at a later stage in the proceedings, seek to protect that interest after dismissal has occurred." *U-Haul Intern., Inc. v. Nulls Mach. & Mfg. Shop*, 736 N.E.2d 271, 279 (Ind. Ct. App. 2000). The Court

4

agrees with this proposition, but the next sentence from the same opinion is instructive. "In such cases, the court will examine the actions undertaken to protect its interest at the stage where the co-defendant sought dismissal, in order to determine whether the issue was preserved." *Id.* at 279–80. Here, Defendant Philips Electronics has done exactly what the Indiana Court of Appeals suggested in *U-Haul* and other cases. It has preserved the issue prior to dismissal of Defendant COA in order to add Defendant COA as a nonparty defendant after dismissal. *See Rausch v. Reinhold*, 716 N.E.2d 993, 1002 (Ind. Ct. App. 1999) (discussing the Indiana Comparative Fault Act, and stating that "[a] dismissed party can be considered a nonparty as long as the nonparty defense is properly preserved prior to the dismissal"). The Plaintiffs have cited no authority that would prevent Defendant Philips Electronics from doing what is contemplated in Indiana caselaw. Defendant COA has not filed a response to Defendant Philips Electronics's Objection, and the time in which to do so has expired.

Accordingly, the Court will grant in part Defendant Philips Electronics's request. The Court will grant Defendant Philips Electronics fourteen days from the date of this Opinion and Order in which to file a motion to amend its pleadings to add COA, Inc., as a nonparty defendant pursuant to I.C. § 34-51-2-16, along with a proposed amended answer pursuant to Northern District of Indiana Local Civil Rule 15-1(a).

## CONCLUSION

For the foregoing reasons, the CONSTRUES the Stipulation of Dismissal [ECF No. 25] as a Motion for Voluntary Dismissal and GRANTS the Stipulation of Dismissal. The Plaintiffs' action against Defendant COA, Inc., is DISMISSED WITH PREJUDICE. The Court AFFORDS

Defendant Philips Electronics until June 13, 2013, to file a motion to amend its pleadings to add COA, Inc., as a nonparty defendant in this matter, and to attach a copy of its proposed amended answer. The Plaintiffs' action against Defendant Philips Electronics remains pending.

SO ORDERED on May 30, 2013.

 s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION