UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| TANISHA SIMMONS, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) 2:12-cv-39 |
| | ) |
| PHILIPS ELECTRONICS NORTH | ) |
| AMERICA CORP. | ) |
| | ) |
| Defendant. | ) |

OPINION AND ORDER

This matter is before the court on the Motion to Compel Discovery [DE 32] filed on September 23, 2013. For the following reasons, the motion is **DENIED.**

*Background*

The defendant, Philips Electronics North America Corporation, served a non-party request for production of documents on Coaster Co. of America, Inc. on June 26, 2013, seeking production of the settlement agreement the plaintiffs entered with Coaster. Defense counsel contacted Coaster's counsel on several occasions inquiring about the production of the settlement agreement. Coaster's counsel has refused to produce the settlement agreement because it is confidential and irrelevant. Philips now moves the court to compel production of the settlement document.

*Discussion*

"In the context of third party discovery, courts should be especially careful in protecting

1

the parties from excessive or oppressive discovery." ***Moore v. PlasmaCare, Inc***., 2012 WL 602623, *2 (S.D. Ind. Feb.23, 2012). *See also **Charles v. Quality Carriers, Inc***., 2010 WL 396356, *1 (S.D. Ind. Jan.28, 2010). "Non-parties have a different set of expectations. Accordingly, concern for the unwanted burden thrust upon non-parties is a factor entitled to special weight in evaluating the balance of competing needs." ***Charles***, 2010 WL 396356 at *1 (quoting ***Cusumano v. Microsoft Corp***., 162 F.3d 708, 717 (1st Cir. 1998)). When determining whether to enforce a discovery request, the court must weigh the need for the information, the breadth of the request, the time period the discovery covers, the particularity of the documents, and the burden imposed. ***Charles***, 2010 WL 396356 at *1.

Similarly, "courts are generally reluctant to order disclosure of negotiations or documents related to a settlement agreement." ***Davenport v. Indiana Masonic Home Foundation***, 2003 WL 1888986, *2 (S.D. Ind. March 27, 2003) (citing ***Butta-Brinkman v. FCA Int'l, Ltd.***, 164 F.R.D. 475, 476-77 (N.D. Ill.1995) (holding defendant not required to turn over confidential settlement agreements reached in other cases absent showing that plaintiff would be unable to obtain the relevant information through other discovery); ***Cook v. Yellow Freight Sys., Inc***., 132 F.R.D. 548, 550 (E.D.Cal.1990) (denying plaintiffs-employees' motion to compel production of material disclosed in settlement negotiations between employer and terminated employee who plaintiffs claimed sexually harassed them)).  This is because settlement serves an important role, and compelling production of such documents may have a chilling effect on entering settlement agreements. ***Davenport***, 2003 WL 1888986 at *2; *See also **Information Technologies International, Inc. v. ITI of North Florida, Inc.***, 2002 WL 356509, *2 (N.D. Ill. March 6, 2002).  The party requesting the settlement information must show that the information is not

available by other means. ***Butta-Brinkman v. FCA International, Ltd.***, 164 F.R.D. 475, 476 (N.D. Ill. 1995).

Philips has not explained why it needs the information contained in the settlement agreement, why the information may be relevant to its claim, or why the information it seeks is not available by other means. Rather, its motion contains a boilerplate statement that the information is relevant and likely to lead to the discovery of admissible evidence. Because Philips has not demonstrated why the court should burden a non-party with producing a confidential settlement document, nor has it satisfied its burden to show why the information is necessary and not available by other means, the court **DENIES** Philips' motion to compel.

ENTERED this 8th day of January, 2014

/s/ Andrew P. Rodovich
United States Magistrate Judge