UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| TANISHA SIMMONS, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | 2:12-cv-39 |
| | ) | |
| PHILIPS ELECTRONICS NORTH AMERICA CORP. | ) ) | |
| | ) | |
| Defendant. | ) | |

OPINION AND ORDER

This matter is before the court on the Defendant's Motion for Reconsideration of Order Denying Sanctions [DE 39] filed on January 10, 2014, and the Motion for Protective Order [DE 41] filed on February 12, 2014. For the following reasons, the motions are **DENIED**.

*Background*

This matter arises from an incident involving a fatal injury to the child of the plaintiffs, Mark and Tanisha Simmons, that occurred when a television produced by the defendant, Philips Electronics, fell on him. The plaintiffs allege, among other things, that Philips failed to warn them about the characteristics and propensities of the television. During the course of discovery, Philips learned that Mark Simmons was a Directv installer and underwent safety training in that capacity. Mark Simmons was employed by and worked only in the Direct Satellite USA Lake County, Indiana office. To defend against this claim, Philips now wishes to take the deposition of the Vice President of Safety Operations in Blue Bell, Pennsylvania. Philips anticipates that the Vice President will testify that the Directv installers are trained with regard to the

1

characteristics and propensities of the televisions that they are connecting to Directv service in residential applications. The plaintiffs' counsel objects to the deposition, arguing that the information sought is irrelevant and that the deposition would be unduly burdensome, estimating that his costs would range from $1,500-2,000.

Earlier in the course of discovery, Philips asked the court to compel production of the confidential settlement information from a non-party and former defendant, Coaster Co. of America. In its motion, Philips stated only its attempts to procure the information from Coaster and that the information was relevant. The court denied Philips' motion on January 8, 2014, explaining that Philips failed to show why the non-party discovery was relevant and why the information could not be obtained from another source. Philips now asks the court to reconsider its motion to compel.

*Discussion*

Although they are frequently filed, the Seventh Circuit has described a motion for reconsideration as "a motion that, strictly speaking, does not exist under the Federal Rules of Civil Procedure." **Hope v. United States**, 43 F.3d 1140, 1142 n.2 (7th Cir. 1994). *See also* **Talano v. Northwestern Medical Faculty Foundation, Inc.**, 273 F.3d 757, 760 n.1 (7th Cir. 2001). This type of motion "is a request that the [Court] reexamine its decision in light of additional legal arguments, a change of law, or perhaps an argument or aspect of the case which was overlooked." **Ahmed v. Ashcroft**, 388 F.3d 247, 249 (7th Cir. 2004) (internal quotation omitted); *see also* **U.S. v. Ligas**, 549 F.3d 497, 501 (7th Cir. 2008)("A district court may reconsider a prior decision when there has been a significant change in the law or facts since the parties presented the issue to the court, when the court misunderstands a party's arguments, or

2

when the court overreaches by deciding an issue not properly before it."). In *Frietsch v. Refco, Inc.*, 56 F.3d 825 (7th Cir. 1995), the Court of Appeals did not question the availability of a motion to reconsider but stated:

> It is not the purpose of allowing motions for reconsideration to enable a party to complete presenting his case after the court has ruled against him. Were such a procedure to be countenanced, some lawsuits really might never end, rather than just seeming endless.

56 F.3d at 828. *See also* ***Oto v. Metropolitan Life Insurance Company,*** 224 F.3d 601, 606 (7th Cir. 2000)("A party may not use a motion for reconsideration to introduce new evidence that could have been presented earlier."); ***Divane v. Krull Electric Company***, 194 F.3d 845, 850 (7th Cir. 1999); ***LB Credit Corporation v. Resolution Trust Corporation***, 49 F.3d 1263, 1267 (7th Cir. 1995). Ultimately, a motion for reconsideration is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." ***Global View Ltd. Venture Capital v. Great Central Basin Exploration***, 288 F. Supp.2d 482, 483 (S.D.N.Y. 2003)(internal quotation omitted).

Philips argues that the cases the court cited in its order denying its motion to compel are not applicable because the cases sought confidential information from non-parties who had no relation to the case. Philips urges the court to follow ***White v. Kenneth Warren Sons, Ltd.***, 203 F.R.D. 364 (M.D. Ill. 2001) as authority to support production of settlement documents from a former defendant in litigation.

Philips misses the basic reason that the court denied its motion to compel. In its motion, Philips simply recited its attempts to procure the settlement documents and then stated that the settlement documents are "relevant and likely to lead to admissible evidence." As the court

3

explained, Philips did not show why the information may be relevant to its claim and why the information was not available through other means. Although Philips was able to identify a case where the court compelled a former defendant to produce settlement information, it is evident from that opinion that the plaintiff demonstrated why the information was relevant. *See White v. Kenneth Warren & Son, Ltd.,* 203 F.R.D. 364, 366-367 (N.D. Ill. 2001) (explaining that defendant asserted that the settlement information was relevant because there was an overlap in the claims and the documents were necessary to ascertain the extent of their liability). Because the request was made on a non-party, even one that was a former defendant, Philips had the burden of demonstrating that the information was needed, and its boilerplate statement that the information was relevant without any explanation to show why does not satisfy this obligation. Philips sets forth several reasons in its motion to reconsider to show that the information is relevant, but a motion to reconsider is not a vehicle for raising arguments the party could have raised in its original motion. In any case, Philips makes a similar mistake in its motion to reconsider by stating only that the settlement information is not available from any other source. It is not clear what efforts, if any, Philips took to retrieve the information from the plaintiffs. For this reason, Philips Motion to Reconsider is **DENIED**.

Philips also has requested leave to take the deposition of a designated representative of Direct Satellite USA in Blue Bell, Pennsylvania. The plaintiffs have objected, arguing that Mark Simmons' was employed by a local branch of Direct Satellite in Lake County, Indiana and has no connection with the Pennsylvania office. The plaintiffs have moved for a protective order to prevent the deposition of Direct Satellite USA's designated representative.

A party may move for a protective order in order "to protect a party or person from

4

annoyance, embarrassment, oppression, or undue burden or expense. . . ." **Federal Rule of Civil Procedure 26(c)(1).** The party requesting the protective order carries the burden of demonstrating good cause; the moving party can satisfy that burden by showing some plainly adequate reason for the order. **8 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2035 (3d ed.1998)**. *See also* ***Gregg v. Local 305 Ibew***, 2009 WL 1325103, *8 (N.D. Ind. May 13, 2009) ("The burden rests upon the objecting party to show why a particular discovery request is improper." (citing ***Kodish v. Oakbrook Terrace Fire Protection Dist.***, 235 F.R.D. 447, 449-50 (N.D. Ill. 2006)); ***McGrath v. Everest Nat. Ins. Co.***, 2009 WL 1325405, *3 (N.D. Ind. May 13, 2009); ***Carlson Restaurants Worldwide, Inc. v. Hammond Professional Cleaning Services***, 2009 WL 692224, *5 (N.D. Ind. March 12, 2009)). Specific factual demonstrations are required to establish that a particular discovery request is improper and that good cause exists for issuing the order. *See* **Felling v. Knight**, 211 F.R.D. 552, 554 (S.D. Ind 2003) ("To establish good cause a party must submit 'a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements.'") (quoting ***Wilson v. Olathe Bank***, 184 F.R.D. 395, 397 (D. Kan. 1999) (quoting ***Gulf Oil Co. v. Bernard***, 452 U.S. 89, 102 n. 16 (1981))). *See also* ***Harrisonville Telephone Co. v. Ill. Commerce Comm'n***, 472 F.Supp.2d 1071, 1078 (S.D. Ill. 2006) (stating that in order to establish good cause, the movant must rely on particular and specific demonstrations of fact, rather than conclusory statements).

Philips responded that it desires to take the deposition of the Vice President of Safety Operations at Direct Satellite USA in Blue Bell, Pennsylvania. It is anticipated that he will testify that Directv installers are trained with regard to the characteristics and propensities of the televisions that they are connecting to Directv service in residential applications. Philips argues

5

that this is relevant to its position that it did not have an obligation to warn Mark Simmons with regard to the characteristics of the television because he had superior or equal knowledge given his profession as a Directv technician. The plaintiffs replied that Philips has not shown that the information sought is relevant or likely to lead to discoverable information because Simmons was not trained for his job by a representative of the Pennsylvania office, nor was he supervised by the designee. The plaintiffs further complain that this discovery request is overly burdensome and costly.

The information sought is relevant or likely to lead to relevant evidence. For discovery purposes, relevancy is construed broadly to encompass "any matter that bears on, or that reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case." ***Chavez v. DaimlerChrysler Corp.***, 206 F.R.D. 615, 619 (S.D. Ind. 2002)(quoting ***Oppenheimer Fund, Inc. v. Sanders***, 437 U.S. 340, 351, 98 S. Ct. 2380, 2389, 57 L.Ed.2d 253 (1978)). Even when information is not directly related to the claims or defenses identified in the pleadings, the information still may be relevant to the broader subject matter at hand and meet the rule's good cause standard. ***Borom v. Town of Merrillville***, 2009 WL 1617085, *1 (N.D. Ind. June 8, 2009) (citing ***Sanyo Laser Prods., Inc. v. Arista Records, Inc.***, 214 F.R.D. 496, 502 (S.D. Ind. 2003)); *see also* ***Adams v. Target***, 2001 WL 987853, *1 (S.D. Ind. July 30, 2001)("For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action."); ***Shapo v. Engle***, 2001 WL 629303, *2 (N.D. Ill. May 25, 2001)("Discovery is a search for the truth.").

Philips has demonstrated that the information sought from the deposition of the Vice President of Safety Operations is likely to produce information relevant to its defense that it did

6

not have to warn Mark Simmons of the characteristics of the television.  Although this deponent may not have trained Simmons, he is competent to testify about the company's training procedures that bear on Philips defense.

The plaintiffs also complain that the deposition, which is to be held in Blue Bell, Pennsylvania, would be unduly burdensome and costly.  The plaintiffs assert that it would cost between $1,500 and $2,000.  Philips responded that the plaintiffs' counsel could attend the deposition via video conference.  The plaintiffs' counsel argues that he would be disadvantaged because documents are to be produced at the deposition that he would not have the opportunity to view and that no video conference has been arranged.  These are the types of accommodations that the parties should have been able to resolve when they met and conferred regarding the discovery request.  *See* **Federal Rule of Civil Procedure 37** (explaining that parties must confer and make a good faith effort to resolve discovery disputes).  Philips' response reflects that it is willing to make some accommodations to reduce costs and so that the plaintiffs' counsel does not have to travel to Pennsylvania for the deposition.  Certainly, the parties can arrange for early production of the documents and can assure that the proper technology is available so that the plaintiffs' counsel can attend via video conference.  For these reasons, the court **DENIES** the plaintiffs' Motion for Protective Order [DE 41].

ENTERED this 22nd day of April, 2014

/s/ Andrew P. Rodovich
United States Magistrate Judge