IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| TANISHA A. SIMMONS, *et al.*, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   2:12-cv-39 |
| | ) |
| PHILIPS ELECTRONICS NORTH AMERICA CORP., | ) |
| | ) |
| Defendant. | ) |

OPINION AND ORDER

This matter is before the court on the Motion for Leave to Submit Replacement Brief in Support of Motion for Summary Judgment [DE 53] filed by the defendant, Philips Electronics Corp., on April 2, 2014. For the following reasons, the motion is **GRANTED.**

Philips filed its motion for summary judgment and supporting memorandum on March 6, 2014. Its supporting memorandum totaled 39 pages, 12 of which contained only facts. On March 31, 2014, the plaintiffs filed a response to the motion for summary judgment and a motion to strike. In their motion to strike, the plaintiffs cite four reasons for requesting that the court strike Philips' motion for summary judgment, one of which is that its brief exceeds the 25-page limit set out by Northern District of Indiana Local Rule 7-1(e)(1). Philips responded by filing the present motion seeking leave to file an amended brief. Philips explained that in its amended brief it moved the statement of material facts to the appendix, as permitted under Local Rule 56-1(a), removed Section A, which addressed whether the accident was the result of a manufacturing defect because the plaintiffs confirmed that they were not alleging as much, and re-lettered their brief.

The plaintiffs responded that Philips should not be permitted to amend its brief because it would complicate the work of the court and the parties and would require additional time. The court disagrees. Philips stated that it would not oppose a request by the plaintiffs to submit an amended response brief if the plaintiffs wanted additional time to respond. However, the plaintiffs made no such request, and the court does not find that an amended response is necessary under the circumstances. Philips did not change the substance of its memorandum. It reconfigured its brief so that it complied with the page limit by moving the facts to the appendix as permitted by Local Rule 56-1, removing one argument, and re-lettering. Because the changes were minimal and the plaintiffs did not request to file an amended response, nor were any new arguments presented that require a response, the court does not find it necessary to re-set the briefing schedule. Moreover, the plaintiffs already have filed a response, and Philips has filed its reply. Because additional briefs and time will not be necessary, the risk that the amendment will create additional work and time has been eliminated.

In addition, Philips sought leave to file its amended brief to comply with Local Rule 7-1 as a response to the plaintiffs' motion to strike its original memorandum for exceeding the page limit. It would be a waste of judicial resources to permit a case to go to trial that could have been resolved on a motion for summary judgment. For these reasons, the court **GRANTS** Philips' motion.

ENTERED this 10th day of July, 2014

/s/ Andrew P. Rodovich
United States Magistrate Judge